# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-CT-00035-SCT

*PILOT TRAVEL CENTERS, LLC AND GINA FRANKLIN, INDIVIDUALLY*

*v.*

*WILLA WOMACK*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 05/26/2022 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| TRIAL COURT ATTORNEYS: | JAMES A. OGDEN |
| | JAMES W. SMITH, JR. |
| | D. STERLING KIDD |
| | MICHAEL JOSEPH STIRGUS |
| | BRUCE ANTHONY McMULLEN |
| | MICHAEL REID JONES |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | G. TODD BUTLER |
| | MALLORY K. BLAND |
| | JOHN McMACKIN |
| | D. STERLING KIDD |
| ATTORNEYS FOR APPELLEE: | JAMES A. OGDEN |
| | JAMES W. SMITH, JR. |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 09/18/2025 |
| MOTION FOR REHEARING FILED: | |

**EN BANC.**

**CHAMBERLIN, JUSTICE, FOR THE COURT:**

¶1.     In the vestibule of a Pilot Travel Center (Pilot) in Jackson, Willa Womack slipped and fell over a wet-floor sign that had been knocked down. Womack sustained multiple injuries, and she brought a premises-liability suit against Pilot and Gina Franklin, the general manager

of the Jackson location where her injury occurred. Following a jury trial, Womack was awarded damages based on a finding that Pilot had negligently maintained the premises resulting in Womack's fall and injuries.

¶2.     Pilot appealed.  The appeal was assigned to the Court of Appeals. Pilot argued, among other issues, that a new trial should have been granted due to improper expert testimony. The Court of Appeals agreed that improper expert testimony had been allowed; however, it held that the error was harmless and affirmed the verdict. ***Pilot Travel Ctrs., LLC v. Womack***, 412 So. 3d 508, 526 (Miss. Ct. App. 2024). A dissent authored by Presiding Judge Wilson urged the court to reverse and remand for a new trial because he believed that the expert testimony was not harmless error. ***Id.*** at 527 (Wilson, P.J., dissenting). Following the judgment of the Court of Appeals, Pilot sought certiorari review. This Court granted Pilot's petition.

## ISSUES PRESENTED

¶3.     Pilot's petition for certiorari raised several issues. We address the following issue:[1]

I.      Whether a new trial should have been granted due to improper expert testimony and/or improper closing arguments.

## DISCUSSION

¶4.     Pilot argues that the trial court erred when it denied its motion for a new trial based

---

[1] We do not take issue with the opinion of the Court of Appeals that the totality of the evidence presented a jury question as to liability. ***Womack***, 412 So. 3d at 517, 519. Responsive to Pilot's brief, however, we note that this Court has not, and does not today, adopt a mode-of-operation test. Additionally, we find that Womack's "Motion to Strike . . . Untimely Arguments Regarding 'Mode of Operation' Rule" is denied as moot. Finally, Pilot's issue regarding damages is rendered moot by this opinion.

on improper expert testimony and improper closing arguments from Womack. We agree with the Court of Appeals that Pilot waived its argument regarding Womack's closing arguments, and, therefore, we will only discuss the expert testimony. *Id.* at 525. "A motion for a new trial challenges the weight of the evidence, and denial of a motion for a new trial is reviewed for an abuse of discretion." *Radco Fishing & Rental Tools, Inc. v. Com. Res., Inc.*, 407 So. 3d 167, 189 (Miss. 2025) (citing *Miss. Transp. Comm'n v. United Assets, LLC*, 188 So. 3d 508, 514 (Miss. 2016)). "Before providing expert opinion testimony, a witness must be qualified, tendered, and accepted as an expert witness under Rule 702 of the Mississippi Rules of Evidence." *Scarborough v. Logan*, 395 So. 3d 381, 384 (Miss. 2024) (internal quotation marks omitted) (quoting *Chaupette v. State*, 136 So. 3d 1041, 1045 (Miss. 2014)). Rule 702 requires an expert witness's proposed testimony to "be both relevant to the case at hand and based on reliable methodology." *Univ. of Miss. Med. Ctr. v. Kelly*, 358 So. 3d 1054, 1057 (Miss. 2023) (quoting *Clark v. State*, 315 So. 3d 987, 995 (Miss. 2021)). Furthermore, "[t]his Court . . . clarified that 'before one may testify as an expert, that person must be shown to know a great deal regarding the subject of his testimony.'" *Id.* at 1057-58 (quoting *Thompson v. Carter*, 518 So. 2d 609, 614 (Miss. 1987)).

¶5.     Womack called Ken Goodrum to testify as a safety expert at trial. According to Goodrum's C.V. and his testimony, he had work experience in the military as well as law enforcement and private security. When asked about the methodology he used to review Womack's case, Goodrum stated: "I use a group of books as it relates to investigating as well

3

as looking at the floors and the policies, the procedures for the company. I look at the codes that the city sets forth. I also look at industry standards." Goodrum testified that Pilot violated its internal policies and procedures by placing the wet-floor sign in a walkway and by not removing it once the floor was dry.

¶6.    Pilot argues that the trial court erred by accepting Goodrum as an expert in premises safety. Goodrum's prior work experience was primarily in security, not premises safety. The Court of Appeals agreed with Pilot that Goodrum was unqualified to testify as an expert on premises safety. It held that

> Upon review, we agree that although Goodrum's "knowledge, skill, experience, training, [and] education" may have qualified him to testify as an expert in security matters, nothing that he provided qualified him to testify as an expert in premises safety. We further agree with the Appellants' argument that Goodrum's expert testimony was not based on any "specialized knowledge" or accepted and "reliable principles and methods . . . ." Instead, as the Appellants point out, Goodrum's testimony about Pilot's violations of safety measures was based on his review of Pilot's internal policies and procedures and the testimony of Pilot's employees. We therefore conclude that the circuit court abused its discretion in allowing Goodrum to testify as an expert in premises safety.

*Womack*, 412 So. 3d at 521 (alterations in original) (citations omitted). The Court of Appeals concluded that Goodrum's expert testimony was harmless and did not warrant reversal and a new trial. *Id.* This Court disagrees.

¶7.    The inclusion of Goodrum's expert testimony was not harmless error. Goodrum's expert testimony was not only unqualified, but it was also unhelpful to the jury and prejudicial to Pilot. As Presiding Judge Wilson pointed out in his dissent, "Goodrum simply

4

read Pilot's policies and identified alleged violations. The average juror is as every bit as capable and qualified as Goodrum to read convenience store policies and decide, as Goodrum put it, whether 'anything was done wrong.'" *Id.* at 529 (Wilson, P.J., dissenting). Additionally, given Goodrum's former military and law enforcement positions, his expert testimony carried with it a greater risk of prejudice to Pilot. "Because the public hold police officers in great trust, the potential harm to the objecting party requires reversal where a police officer gives expert testimony without first being qualified as such." *Roberts v. Grafe Auto Co.*, 701 So. 2d 1093, 1099 (Miss. 1997). Goodrum gave unqualified expert testimony regarding the ultimate issue to be determined by the jury: Pilot's alleged negligence. Goodrum was asked whether, in his expert opinion, Pilot created the condition that caused Womack's fall. Goodrum replied that it was his expert opinion that Pilot was at fault. "The function of the jury as factfinder must not be usurped." *Id.* This Court finds that Goodrum's testimony prejudiced Pilot and that the error requires reversal. *Id.*

## CONCLUSION

¶8.     The inclusion of Goodrum's unqualified expert testimony was an abuse of discretion and does not constitute harmless error. Therefore, we reverse the decisions of the Court of Appeals and the trial court as to this issue and remand the case for a new trial.

¶9.     **REVERSED AND REMANDED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, ISHEE, GRIFFIS, SULLIVAN AND BRANNING, JJ., CONCUR.**

5